DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 14-19 |
| | ) | |
| DIEUSEUL MOMPREMIER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ATTORNEYS:

**Carl R. Williams, Esq.**
Smith, Williams, PLLC
St. Thomas, U.S.V.I.
   *For Dieuseul Mompremier.*

**David J. Cattie, Esq.**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
   *For Dieuseul Mompremier.*

**Gretchen Shappert, Esq.**
**Kim L. Chisholm, Esq.**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For United States Attorney Office.*

## ORDER

**GÓMEZ, J.**

Before the Court is the September 24, 2018, Report and Recommendation of the Magistrate Judge. The Magistrate recommends that the Court deny Dieuseul Mompremier's motion to vacate, set aside, or correct sentence. The Magistrate Judge

also recommends that the Court grant Attorney David J. Cattie's motion to withdraw as counsel.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 10, 2014, the grand jury returned a ten-count indictment charging Dieuseul Mompremier ("Mompremier") with conspiracy to smuggle aliens and other related charges. On May 27, 2014, Mompremier executed a written plea agreement. Mompremier agreed to enter a plea of guilty as to count one of the indictment. Count one charged Mompremier with conspiracy to bring in and harbor aliens in violation of 8 U.S.C. § 1324.

Under the plea agreement, Mompremier also agreed that the offense involved the smuggling of six or more unlawful aliens. Mompremier agreed to waive the right to appeal and the right to file a motion for relief under 28 U.S.C. § 2255, with the exception of a claim arising from ineffective assistance of counsel.

On October 16, 2014, the Court sentenced Mompremier to a prison term of 57 months. Mompremier appealed the sentence. ECF No. 89. Before the Third Circuit ruled on the merits, the government filed a motion to enforce Mompremier's waiver of his right to appeal. The Third Circuit granted the Government's motion to enforce the appellate waiver and dismissed Mompremier's appeal.

On or about December 5, 2014, Mompremier filed a document captioned "Informative Motion," which the Magistrate Judge regarded as a petition for relief from sentence under 28 U.S.C. § 2255. ECF No. 60. Thereafter, the Magistrate Judge ordered the Clerk of Court to mail Mompremier a copy of "VI-AO 243 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] The Magistrate Judge appointed Attorney David J. Cattie ("Cattie") to represent Mompremier in his 28 U.S.C. § 2255 motion ("§ 2255 motion").

On October 2, 2015, Cattie filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). Cattie asserts that Mompremier's § 2255 motion did not allege any non-frivolous issues.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Mompremier alleges that his trial attorney was ineffective because the attorney failed to "secure the right to object to misapplication of the Guidelines" as it related to the calculation of the total number of aliens who were on board the vessel. ECF No. 80 at 4. Mompremier argues that there were a total of 19 aliens involved in his crime. Mompremier further

---

[1] A prisoner must complete a VI-AO 243 form as part of a Motion under 28 U.S.C. § 2255.

asserts that "section 2L1.1(b)(2)(B) was misapplied for an improper increase in the otherwise applicable sentencing range." *Id.*

Mompremier argues that his counsel was ineffective for failing to object to the Court's calculation of the number of aliens involved, which led to a sentence enhancement. The Magistrate Judge found that Mompremier's trial counsel provided effective representation on that issue.

To the extent that Mompremier asserts that his counsel was ineffective for failing to advise Mompremier about a right to appeal, the Magistrate Judge found that Mompremier's assertion lacked merit.

Mompremier also asserts that his trial counsel rendered ineffective assistance by failing "to secure the right to have consular assistance under [the] Vienna Convention on Consular Relations ["Vienna Convention"]." ECF No. 80 at 5. Mompremier asserts that if his consulate had been contacted, he would have been able to afford an attorney who would have done "anything he could, under the law, to prevent him from wrongful prosecution." ECF No. 82 at 4-5.

The Magistrate Judge found that by pleading guilty, Mompremier waived his right to appeal the Vienna Convention claim. Further, even assuming Mompremier's trial counsel was

ineffective, Mompremier cannot demonstrate that he was prejudiced.

**C.   Voluntariness of Plea**

Mompremier argues that his plea was "induced by fear [and] promise" and was entered into "unknowingly and involuntarily." The Court previously found that Mompremier's plea was both knowing and voluntary. The Magistrate Judge concluded that Mompremier's claim lacked merit.

**D.   Reasonableness of Sentence**

Mompremier alleges that the sentencing guidelines were misapplied and he received an unreasonable sentence. The Magistrate Judge found that Mompremier waived his right to appeal his sentence on this ground. Additionally, the Third Circuit upheld Mompremier's waiver.

**E.   Attorney Cattie's *Anders* Brief and Motion to Withdraw**

Attorney Cattie stated that Mompremier stated no non-frivolous issues for review. On that basis, Cattie filed a motion to withdraw as counsel. The Magistrate Judge concluded that Cattie's brief meets the requisite *Anders* standard.

Upon de novo review of the record, the Court agrees with the Magistrate's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED**; it is further

**ORDERED** that Mompremier's § 2255 motion docketed at ECF No. 80 is **DENIED;** it is further

**ORDERED** that Attorney Cattie's motion to withdraw as counsel docketed at ECF No. 81 is **GRANTED**; it is further

**ORDERED** that a certificate of appealability is **DENIED**; it is further

**ORDERED** that all other pending motions are **MOOT;** it is further

**ORDERED** that the Clerk of Court shall **CLOSE** Civil Case No. 3:15-57, the civil case associated with the § 2255 petition.

S\_____
**Curtis V. Gómez
District Judge**